[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2229
No. 97-1025

 WALTER D. JOHNSON, JR.,

 Plaintiff, Appellant,

 v.

 MICHAEL MALONEY, ET AL.,

 Defendants, Appellees.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 

Walter D. Johnson, Jr. on brief pro se.
Nancy  Ankers  White, Special Assistant Attorney General, and William
D. Saltzman, Department of Correction, on brief for appellees.

 

 June 5, 1997
 

 Per Curiam. While incarcerated at MCI-Norfolk in

Massachusetts, plaintiff Walter Johnson suffered severe

injuries upon being stabbed by a fellow inmate. He filed the

instant S 1983 action against various prison officials,

alleging, inter alia, that they had exhibited deliberate

indifference to his safety and health in violation of the

Eighth Amendment. The district court, after first dismissing

the  action  for  want  of  prosecution, then declined to vacate the

order  of  dismissal  on  the independent ground that plaintiff had

failed to state a claim. See Fed. R. Civ. P. 12(b)(6).

Plaintiff has appealed from both of these rulings. We affirm

on the latter ground alone.

 We acknowledge the seriousness of the assault and the

severity of plaintiff's injuries; we find no cause here, on

legal grounds, for extended discussion. It is undisputed, of

course, that "[p]rison officials have a duty ... to protect

prisoners from violence at the hands of other prisoners."

Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-

Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.

1988)  (original citation omitted)). It is likewise clear that

prison authorities have a responsibility to attend to the

"serious medical needs of prisoners." Estelle v. Gamble, 429

U.S.  97,  104  (1976).   Yet the Eighth Amendment is violated only

when a prison official has manifested "'deliberate

indifference' to a substantial risk of serious harm" to an

 -2-

inmate's safety or health. Farmer, 511 U.S. at 828. And

deliberate indifference requires a showing of "subjective

recklessness," id. at 839--i.e., a showing that "the official

knows of and disregards an excessive risk to inmate health or

safety," id. at 837. 

 Nothing in plaintiff's amended complaint, even with all

reasonable inferences drawn in his favor, would permit such a

finding. With respect to the stabbing incident, his factual

allegations  provide  no  basis for concluding that the attack was

in any way foreseeable or that the named defendants

(supervisory  officials all) had any inkling that such an event

might occur. Nor, assuming arguendo that the Farmer inquiry

does not foreclose the matter, has plaintiff proffered any

grounds for imposing supervisory liability on defendants for

the  behavior  of a subordinate. See, e.g., Seekamp v. Michaud,

109  F.3d  802, 808 (1st Cir. 1997). Similarly, with respect to

his medical treatment, plaintiff has pointed to no

circumstances that would permit a finding of deliberate

indifference on the part of defendants. 

 For these reasons, it "appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim

which  would  entitle  him  to relief." Conley v. Gibson, 355 U.S.

41, 45-46 (1957) (footnote omitted). We have considered

plaintiff's  remaining claims and find them equally unavailing.

 -3-

We therefore agree with the district court that dismissal for

failure to state a claim was warranted. 

 Affirmed.

 -4-